**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RICHARD WAGNER,** : | |
| : | Case No. 2:14-cv-00995 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **GREEN SAVOREE, MID-OHIO, LLC,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

This matter is before the Court for consideration of a Verified Application for Attorneys' Fees (Doc. 41) and a Motion for Sanctions under Rule 11 (Doc. 50) filed by Plaintiff Richard Wagner, and Motion for Evidentiary Hearing (Doc. 43) filed by Defendant Green Savoree, Mid-Ohio, LLC ("Mid-Ohio"). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Sanctions, **GRANTS** Defendant's Motion for Evidentiary Hearing, and **DENIES without prejudice with leave to re-file** Plaintiff's Verified Application for Attorneys' Fees.

**I.  BACKGROUND**

Plaintiff Richard Wagner filed a complaint in this Court on July 28, 2014, alleging that Defendant, owner of property including a sports car course, had discriminated against Plaintiff by violating 42 U.S.C § 12101, *et seq.*, Title III of the Americans with Disabilities Act ("the ADA"), and Ohio Revised Code § 4112.02(G). (Doc. 1.) The Complaint outlined a number of violations that prohibited Plaintiff from fully enjoying the Defendant's facility. (*Id.* at 3-5.) Plaintiff sought a judicial declaration that Defendant was in violation of Title III of the ADA, injunctive relief that would allow Plaintiff to access and use the facility, and an award of

attorney's fees and costs. (*Id.* at 7-8.) On September 25, 2014, Defendant filed an answer to the Complaint. (Doc. 7.)

Following a Preliminary Pretrial Order (Doc. 11), on November 5, 2014, the parties jostled over a number of issues, including a Motion to Compel Production of Income Tax Returns (Doc. 14) and a Motion for Leave to Add Party Defendants (Doc. 29), which postponed discovery deadlines. (Doc. 36.) On August 28, 2015, the parties filed a Joint Motion for Approval of Consent Decree and Order. (Doc. 37). Given the reconciliation between the parties, Plaintiff's Motion to Compel (Doc. 14) and Motion for Leave (Doc. 29) were denied as moot. (Doc. 38). On September 1, 2015, a Consent Decree was signed and entered, which included a provision requiring Defendant to take steps to ensure his facility complies with the Americans with Disabilities Act. (Doc. 39.)

Part of the Consent Decree reserved the jurisdiction of the Court, *inter alia*, "to determine the amount of Plaintiffs' attorneys' fees." (*Id.* at 6.) On September 10, 2015, Plaintiff submitted an application for attorney's fees, expert fees, and costs against Defendant, requesting an award of fees and costs amounting to $133,342.49. (Doc. 41 at 1.) Believing that Plaintiff's counsel exaggerated expenses, Defendant filed a Memorandum in Opposition outlining in detail why costs sought by Plaintiff are unreasonable. (Doc. 42.) Alongside this, Defendant requested the Court hold an evidentiary hearing to examine the accuracy of Plaintiff's application for fees and costs. (Doc. 43.) Plaintiff subsequently filed a Response to Defendant's Motion for Evidentiary Hearing (Doc. 46.) On October 26, 2015, Defendant filed a reply (Doc. 48.)

Amid these ongoing disputes, Plaintiff initiated a Motion for Sanctions Under Rule 11 on November 4, 2015. (Doc. 50.) The gravamen of Plaintiff's motion is that Defendant has asserted claims for an improper purpose and without a factual and legal basis. (*Id.* at 1.) Specifically,

Plaintiff contends that Defendant knowingly submitted a false affidavit, falsely asserted that they had provided a Department of Justice report to Plaintiff, and falsely claimed that David Pedraza, Plaintiff's expert, was not at an event held by Defendant in April 2014. (*Id.* at 5-11.) The motions are fully briefed and ripe for review.

## II.  STANDARDS OF REVIEW

### A.  Rule 11 Sanctions

Federal Rule of Civil Procedure 11 provides that when a pleading, written motion, or other paper is submitted to the court, a party or counsel certifies to the court that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Rule 11 was adopted to "require litigants to 'stop-and-think' before initially making legal or factual contentions." Fed. R. Civ. P. 11 (advisory committee notes) (1993 Amendments).  The rule's focus is narrow - it is concerned only with whether the attorney believes "on the basis of reasonable inquiry that there is a reasonable basis in law and fact for the position taken and that the paper is not filed for an improper purpose" at the time that the paper is signed.  *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor,* 875 F.2d 1224, 1229 (6th Cir. 1989).

The standard for determining whether to impose sanctions is one of objective reasonableness. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002) (recognizing that "the imposition of Rule 11 sanctions requires a showing of 'objectively unreasonable conduct'") (quoting *United States v. Kouri–Perez*, 187 F.3d 1, 8 (1st Cir. 1999)); *Union Planters Bank v. L & J Development Co., Inc.*, 115 F.3d 378, 384 (6th Cir. 1997) (finding that the test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances") (citation omitted). Relevant factors to consider in determining whether an individual has acted reasonably include: "'the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar.'" *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988) (quoting *Century Prods., Inc. v. Sutter*, 837 F.2d 247, 250-251 (6th Cir. 1988)). If the Court determines that Rule 11(b) has been violated, the Court may impose appropriate sanctions on the attorneys or parties who violated the Rule or who are responsible for the violation. *See* Fed. R. Civ. P. 11(c)(1).

### B.  Evidentiary Hearing

As a general rule, an evidentiary hearing is not required to determine attorney's fees. *Trustees for Michigan Laborers Health Care Fund v. Eastern Concrete Paving Co.*, 948 F.2d 1290, 1991 WL 224076, at *3 (6th Cir. 1991) (unpublished table decision). *See Bailey v. Heckler*, 777 F.2d 1167, 1171 (6th Cir. 1985) ("[A]n evidentiary hearing is not required in every instance of an application for attorney's fees."). However, such hearings "are favored." *Heflin v. Stewart Cnty., Tenn.*, 968 F.2d 1214, 1992 WL 162554, at *3 (6th Cir. 1992) (unpublished table

decision). Additionally, attorney's fees should not be awarded without providing a party with notice and an opportunity to be heard. *Campbell v. Gooding*, 786 F.2d 1163, 1986 WL 16496, at *3 (6th Cir. 1986) (unpublished table decision). It is under this standard that Defendant's motion is examined.

### III.  RULE 11 ANALYSIS

#### A.  Attorney J. David Campbell's Affidavit

As his first claim, Plaintiff alleges that Defendant knowingly introduced a false affidavit of J. David Campbell to support Defendant's contention that a site inspection by Mr. Pedraza in November 2014 was unnecessary and duplicative. (Doc. 50 at 5-6.) In particular, Plaintiff objects to Mr. Campbell's assertions that on the day of the inspection there was snow on the ground, that it was cold, and that attorney Lawrence A. Fuller ("Fuller") stayed in his car during the entire inspection. (*Id.*) Additionally, Plaintiff claims that Defendant violated Rule 11 when it accused Plaintiff, without evidence, of providing nearly 100 materially inaccurate photographs purported to be taken at the November 2014 inspection. (*Id.*) To support his contention that the claims contained in Mr. Campbell's affidavit were knowingly falsified, Plaintiff provides evidence that the temperature on that day reached a high of 61 degrees, that there was no accumulation of snow on the ground, and that Fuller's presence in 9 of the photographs proves that he did not stay in his car during the entire inspection. (*Id.* at 6.) Further, Plaintiff suggests that the climate data proves that the nearly 100 photographs in question were in fact taken during the November 2014 inspection and has offered to provide metadata authenticating the date of the photographs. (Doc. 53 at 4-5.)

In response, Defendant clarifies that Mr. Campbell testified that Fuller remained in his car during "nearly" the entire inspection, rather than during the entire inspection. (Doc. 52 at 8.)

Moreover, Defendant provides their own evidence indicating a low temperature of 35 degrees, suggesting that Mr. Campbell's testimony was truthful. (*Id.* at 9.) Lastly, Defendant contends that none of the Plaintiff's photographs from the November 2014 inspection has been authenticated, raising doubt as to whether they were actually taken on that day. (*Id.* at 10.)

As a general matter, Rule 11 motions should not be prepared to "intimidate an adversary into withdrawing contentions that are fairly debatable." Fed. R. Civ. P. 11 (advisory committee notes) (1993 Amendments). In the present case, each of Defendant's alleged improprieties are up for debate. Specifically, there are conflicts between the parties as to the temperature during the inspection, how long Fuller remained in his car, and whether the photographs accurately depict the November 2014 inspection. When a party takes issue with the other party's representation "essentially because it presents statements that are contrary to the evidentiary support Plaintiff provided with her own Motion," a court will not grant a motion for sanctions. *Zell v. Klingelhafer*, No. 2:13-cv-00458, 2015 WL 1299542, at *6 (S.D. Ohio Mar. 23, 2015).

Here, Plaintiff alleges that Defendant's position is erroneous, but has provided no evidence that Defendant's contradictory evidence is perjurious, frivolous, or objectively unreasonable. *Id.* For purposes of Rule 11, an attorney certifies "that there is (or likely will be) 'evidentiary support' for the allegation, not that the party will prevail with respect to its contention regarding the fact." Fed. R. Civ. P. 11 (advisory committee notes) (1993 Amendments). Here, the Defendant has submitted an affidavit challenging Plaintiff's claims, thereby certifying that they have evidentiary support for their position. In deciding whether to grant or deny a motion for sanctions, a court will not consider whether the party will prevail with respect to each contention.

Plaintiff also alleges that the affidavit was included for the improper purpose of harassing and embarrassing Fuller, in violation of Rule 11(b)(1). (Doc. 50 at 7.) However, contrary to Plaintiff's assertion, the affidavit in fact served as a response to Plaintiff's application for attorney's fees and costs. In order to challenge what was perceived as inflated expenses, Defendant obtained an affidavit countering certain claims made by Plaintiff. An attorney has the right, and duty, to challenge fee requests that seem unreasonable, duplicative, or otherwise unwarranted. Thus, Plaintiff's claim that "falsely alleging the *coldness* of the day is presented solely to embarrass and impugn counsel for the Plaintiff's reputation" is without merit. (Doc. 53 at 4.) For these reasons, Defendant's submission of Mr. Campbell's affidavit does not constitute sanctionable conduct.

### B.  Department of Justice Report

As his second claim, Plaintiff alleges that Defendant falsely claimed to have provided a Department of Justice "report" prior to a deposition carried out by Plaintiff. (Doc. 50 at 7-9.) As a result, Defendant had no "reasonable factual basis" to state that Plaintiff had failed to review this report. (*Id.* at 9.)

Defendant disputes this version of events, pointing to the fact that Mid-Ohio President Kevin Savoree identified the Department of Justice documents by Bates number as DEF 61 through 85 at his deposition, thus providing Plaintiff with the report. (Doc. 52 at 12.) In their reply, Plaintiff seems to acknowledge that they did indeed receive these documents, but claim they do not constitute a "report" by the Department of Justice. (Doc. 53 at 7.) Though not entirely clear, Plaintiff appears to suggest that Defendant has violated Rule 11 by intentionally misrepresenting these documents as a "report" and accusing Plaintiff of driving up costs by not reviewing the documents before a deposition. (*Id.* at 7-8.) Crucially, however, Plaintiff provides

no evidence that Defendant knew or should have known the documents did not constitute a "report." Indeed, this Court's review of the respective documents reveals that Yolanda Hilliard, an investigator at the Department of Justice, was responsible for putting a "report" together that was identified by Mr. Savoree. (Doc. 50-5 at 61-85.)

Ultimately, regardless of whether these documents constitute a formal "report", Defendant was obligated to respond to Plaintiff's fee application, and as part of this response, it was reasonable to question whether Plaintiff's counsel reviewed documents provided to them. Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Fed. R. Civ. P. 11 (advisory committee notes) (1983 Amendments). As such, the Court will not impose sanctions for Defendant's conduct with respect to the Department of Justice report.

### C.  David Pedraza's Attendance at NASA Event

As his final claim, Plaintiff asserts that Defendant failed to make a "reasonable inquiry" into the veracity of a filing before submitting it to the Court. (Doc. 50 at 10-11.) In particular, Plaintiff states that a "cursory review" of the National Auto Sports Association's ("NASA") releases and records demonstrates that their expert, Mr. Pedraza, was present at an April 2014 event. (*Id.*) Additionally, Plaintiff provides an affidavit from Mr. Pedraza detailing his presence at the event. (Doc. 50-6 at 1-2.) Defendant presents opposing evidence in the form of a Declaration from NASA's Regional Director, Jason Andrew, which claims that Mr. Pedraza was never a member of NASA and thus would not have been permitted to participate in the April 2014 event. (Doc. 42-4 at 2-3.)

As explained above, when a party takes issues with the other party's representation "essentially because it presents statements that are contrary to the evidentiary support Plaintiff

provided with her own Motion," a court will not grant a motion for sanctions. *Zell*, 2015 WL 1299542, at *6. Based on Mr. Andrew's Declaration, Defendant had an objective reason to believe that Mr. Pedraza was not present at the April 2014 event. Because Plaintiff and Defendant have brought forth equally plausible evidence, Plaintiff's motion for sanctions fails on this claim.

## IV. EVIDENTIARY HEARING ANALYSIS

Defendant alleges that "Plaintiff's counsel have made a career out of a business model which involves recruiting disabled individuals and converting them into serial plaintiffs" in "the over one-thousand other ADA cases" nationwide. (Doc. 42 at 6.)  Defendant asserts that it is entitled to an evidentiary hearing based on Plaintiff's counsel engaging in dubious business practices; other courts' scrutiny of counsel's fees; counsel's overbilling for duplicative tasks; and other various billing discrepancies. (Doc. 43 at 1.)  Some of these billing errors include an inspection at Mid-Ohio that allegedly did not take place (Doc. 42 at 7-9), failure on the part of Plaintiff's counsel to inspect key documents (*id*. at 11-12), and unnecessarily double-teaming mediation and deposition hearings. (*Id.*) Defendant further avers that Fuller has been sanctioned by another court. *See* Sanctions Order, *Access for Am., Inc. v. Speedway SuperAmerica, LLC*, Case No. 01-CV-14300 (S.D. Fla. 2001). In that case, two months after filing suit against Speedway America for denying his client, a quadriplegic, access to the facility, Fuller discovered that the plaintiff was in fact not quadriplegic. *See id.*, Doc. 71 at 1 (Despite his quadriplegia, [the plaintiff] walked into his deposition"). Although Fuller quite reasonably moved to dismiss the matter voluntarily upon discovering that his client was not quadriplegic, the defendant objected to any dismissal absent payment of attorney's fees. *Id.* at 2. The court granted the defendant's motion, awarding a total of $43,323.90 in attorney's fees and costs to counsel for defendant. *Id.*

at 18. The court went even further, sanctioning Fuller for misconduct, and ordering a "one-year mandatory supervision of a special master" to be imposed to "review all Complaints filed by Fuller and his firm, and be provided whatever support is necessary, to ensure that proper pre-suit investigation has been conducted." *Id.* at 18.

Along with pointing out Fuller's prior sanction for misconduct, Defendant points to cases nationwide in Fuller's fee requests have been reduced for what Defendant characterizes as suspect billing practices. *Disabled Patriots of Am., Inc. v. Reserve Hotel*, No. 07-CV-713 (N.D. Ohio 2007), Docket Entry 56 (granting $69,317.29 of the $83,526.24 in attorney's fees and costs requested); *Access 4 All, Inc. v. Trump Int'l Hotel & Tower, Inc.*, No. 1:04-cv-07497 (S.D.N.Y. 2008), Docket Entry 163 (awarding $143,639.58 of the $180,534.85 requested).

Plaintiff vigorously contests each of these allegations in his brief in opposition. (Doc. 47.) First, Plaintiff points to language in the Consent Decree, which provides that "Mid-Ohio shall pay Wagner's counsel reasonable attorneys' fees, litigation expenses, expert fees, and costs incurred in this action." (Br. in Opp'n, Doc. 46 at 1.) Further, Plaintiff argues that "reopening cases to determine whether to award attorneys' fees is highly disfavored and totally unnecessary," and that the Court already possesses the requisite information to make a determination as to the amount of attorney's fees to award. (Doc. 48 at 2-3). Finally, Plaintiff cites *Hensley v. Eckerharts*'s admonition that "[a] request for attorney's fees should not result in a second major litigation." (*Id.* at 3) (citing *Hensley*, 461 U.S. 424, 437 (1983)).

As to the law, Defendant is mistaken in suggesting that evidentiary hearings are highly disfavored. (*Id*. at 2). To the contrary, as outlined in *Heflin*, such hearings are generally favored. 1992 WL 162554 at *3. This is particularly true when both parties have presented evidence that is unable to be reconciled through existing evidence. For instance, more information is necessary

to determine whether Plaintiff misled Defendant about an inspection at Mid-Ohio and whether key documents were not reviewed prior to a deposition. An evidentiary hearing would help shed light on these disputes.

And although the Consent Decree does provide that Defendant will pay reasonable attorney's fees to Plaintiff, *see* Doc. 39 at 4, the Consent Decree also provides that "[i]f the parties proceed to adjudicate the reasonableness of Wagner's attorneys' fees and other expenses, it is understood that Mid-Ohio will seek an evidentiary hearing for the purpose of permitting it to fairly defend any claims for fees and expenses made on behalf of Wagner." (*Id.*)

Finally, Plaintiff's contention that a hearing may result in a "second major litigation" is speculative. (Doc. 48 at 3.) Rather than descending this case into major litigation, an evidentiary hearing will give parties a single, brief forum to present evidence and arguments, which will help the Court reconcile conflicting evidence, and give counsel for Defendant a fair opportunity to examine Plaintiff's counsel's request, in accordance with the terms of the Consent Decree and the guarantees of due process.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Evidentiary Hearing. Details concerning the date, time, and format of said hearing will be determined during an upcoming Telephonic Status Conference. Having granted Defendant's request for an evidentiary hearing, the Court **DENIES without prejudice with leave to re-file** Plaintiff's Verified Application for Attorneys' Fees. Plaintiff may refile the application at some point prior to the evidentiary hearing, and the re-filed application will be deemed for all substantive purposes to have been filed on September 10, 2015.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Sanctions and **GRANTS** Defendant's Motion for Evidentiary Hearing. The Court **DENIES without prejudice with leave to re-file** Plaintiff's Verified Application for Attorneys' Fees.

    **IT IS SO ORDERED.**

    <u>s/Algenon L. Marbley</u>
    **ALGENON L. MARBLEY**
    **UNITED STATES DISTRICT COURT**

**Dated: September 21, 2016**